IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL HERNANDEZ,

      Plaintiff,

v.                                                                                          CV 21-0738 JHR/KK

THE UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss and Memorandum in Support. [Doc. 14]. Plaintiff did not respond to the Motion, and Defendant has submitted to the Court a proposed order granting it pursuant to this Court's Local Rules. *See* D.N.M.LR-Civ. 7.1(b) (failure to respond constitutes consent to grant a motion); D.N.M.LR-Civ. 7.2 (procedure for unopposed motions). However, because the Motion is partially dispositive the Court is required to independently evaluate its merits under circuit precedent.[1] Having conducted this independent review, the Court agrees that the Motion has merit. Therefore, it is **granted**.

### I.    BACKGROUND

Plaintiff (through counsel) filed a Complaint for Personal Injury under the Federal Tort Claims Act ("FTCA") on August 6, 2021, alleging negligence (Count I) and requesting punitive damages (Count II) resulting from a slip and/or trip and fall while patronizing the Jemez Pueblo tribal courthouse on September 30, 2019. [*See* Doc. 1, pp. 1-2]. Plaintiff states that Defendant owed him a duty of reasonable care as an invitee and that it breached that duty by allowing the

---

[1] *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[W]e conclude that a district court may not grant a motion to dismiss … merely because a party failed to file a response…. Consequently, even if a plaintiff does not file a response to a motion to dismiss ... the district court must still examine the allegations in the plaintiff's complaint[.]") (quoted authority and internal alterations omitted).

1

existence of a mat or rug which created a dangerous condition resulting in an unreasonable risk of harm to invitees generally. [*Id.*, p. 2]. Plaintiff seeks compensatory damages in the form of past and future pain and suffering, past and future medical expenses, and loss of enjoyment of life; prejudgment interest; the costs of this action; and punitive damages because, he says, Defendant's actions were reckless, willful, and wanton. [*Id.*, p. 3].

Defendant filed its Motion on January 3, 2022. [Doc. 14]. It seeks dismissal of Plaintiff's punitive damages claim and request for prejudgment interest, reasoning that the FTCA expressly bars those items of damages. [*Id.*, p. 1 (citing 28 U.S.C. § 2674)]. Therefore, argues Defendant, because the FTCA does not waive the United States' sovereign immunity for such claims, this Court lacks jurisdiction over those aspects of Plaintiff's Complaint. [Doc. 14, p. 3]. Defendant seeks dismissal of these requests for compensation under Federal Rule of Civil Procedure 12(b)(1) and lodges a "facial" (rather than "factual") attack on the complaint, so the Court presumes the truth of the Complaint's allegations. [*See* Doc. 14, p. 3]; *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (describing the distinction); *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) ("[W]hen a defendant asserts that [a] FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged.") (quoted authority omitted).

## II.    LEGAL STANDARDS

Defendant's Motion asserts that this case must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. 31, p. 4]; *see* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and they must presume that they lack jurisdiction unless the party invoking federal jurisdiction proves otherwise. *See Kucera v. Central*

*Intelligence Agency*, 754 F. App'x 735, 738 (10th Cir. 2018) (unpublished). A dismissal for lack of jurisdiction is without prejudice. *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) ("It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice.") (quoted authority and internal alterations omitted).

The Federal Government and its agencies are generally immune for suit under the doctrine of sovereign immunity except where it has waived said immunity through positive law, such as through the enactment of the FTCA. *See Bayless v. U.S.*, 767 F.3d 958, 964-965 (10th Cir. 2014). As such, federal courts lack jurisdiction over tort claims against the government unless they are brought within the confines of the FTCA. The FTCA states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, *but shall not be liable for interest prior to judgment or for punitive damages*." 28 U.S.C. § 2674 (emphasis added). The Supreme Court has explained that what sort of damages qualify as "punitive" damages is determined as a matter of law. *See Molzof v. United States*, 502 U.S. 301, 312 (1992). Most generally, "[c]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct…. By contrast, punitive damages serve a broader function; they are aimed at deterrence and retribution." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (citations and internal alterations omitted). Under New Mexico law punitive damages may be awarded only when the conduct of the defendant may be said to be malicious,[2] willful,[3]

---

[2] "Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful." UJI 13-1827 NMRA.

[3] "Willful conduct is the intentional doing of an act with knowledge that harm may result." UJI 13-1827 NMRA.

reckless,[4] wanton,[5] fraudulent or in bad faith and "are awarded for the limited purposes of punishment and to deter others from the commission of like offenses." UJI 13-1827 NMRA.

### III.  ANALYSIS

The issues at bar are clear and undisputed, and the Court finds Defendant's Motion persuasive. The plain language of the FTCA precludes suit against the United States for punitive damages and for prejudgment interest. The Complaint plainly seeks punitive damages as a matter of law. [Doc. 1, p. 3 (Asserting that Defendant or its employees "engaged in reckless conduct and showed an utter indifference to and conscious disregard for the Plaintiff's health and well-being. This failure amounts [to] willful and wanton conduct and justifies the imposition of punitive damages.")]. It also requests prejudgment interest, which is directly contrary to the plain language of the FTCA. [Doc. 1, p. 3]; 28 U.S.C. § 2674. Therefore, Defendant's Motion to dismiss under Rule 12(b)(1) will be granted.

### IV.  CONCLUSION AND ORDER

Wherefore, because neither punitive damages nor prejudgment interest are available remedies when suit is brought pursuant to the FTCA, Defendant's Partial Motion to Dismiss and Memorandum in Support [Doc. 14] is **granted**. The Complaint's requests for prejudgment interests and punitive damages are hereby dismissed without prejudice for lack of subject matter jurisdiction. Defendant shall file an Answer to the Complaint (as modified by this Memorandum Opinion and Order) within 30 days.

SO ORDERED.

---

[4] "Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness." UJI 13-1827 NMRA.

[5] "Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's [rights] [safety]." UJI 13-1827 NMRA

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*